NEW-YORK,
Nov. 1808.

Tappen
v.
Van Wagenen.

</div>

<div align="center">Judgment for the plaintiff.</div>

<div align="center">

Tappen *against* Van Wagenen.

</div>

THIS was an action of *assumpsit*. The plaintiff declared on a promissory note, dated the 17th *September*, 1806, for 171 dollars and 39 cents, payable on the 1st *November* thereafter. The defendant pleaded *non-assumpsit*, with notice of special matter to be offered in evidence at the trial.

On the trial of the cause, the defendant proved, that he was special bail for one *Teunis Remsen*, at the suit of one *Abraham Morris*, in an action pending in the court of common pleas of *Ulster* county, in which a judgment was rendered against *Remsen* in the term of *July*, 1806, and that the note in question was given by him for the amount of that judgment. A writ of error was brought to this court to reverse the judgment. There was an assignment of errors and a joinder thereon, as of *August* term, 1806, and the judgment was reversed in *November* term following. Notice of the writ of error was given to the plaintiff on the 27th *September*, 1806. The *ca. sa.* issued on the judgment below, was tested the 5th *July*, 1806, and returnable on the third *Tuesday* of *September* thereafter, and was filed in the clerk's office the 16th *September*, with the return of *non est inv.* indorsed thereon. It was admitted that the judgment of reversal was obtained, after joinder in error,

<div align="right">

Where, on the return of *non est inventus*, on the *ca. sa.* against the principal in a suit, the *bail* gave a note for the amount of the judgment, which was afterwards reversed on a writ of error, it was held, that as the bail was not fixed, and the judgment was reversed, there was a failure of the consideration of the note and the plaintiff was not entitled to recover.

</div>

by default.    The present suit was commenced in the vacation preceding the term of *May*, 1807.

The jury found a verdict for the plaintiff, subject to the opinion of the court, on a case, containing the facts above stated.

*Fisk*, for the plaintiff.    The only ground on which the defendant can avoid the payment of the note, is that the consideration has failed.    The condition of the recognisance entered into by the defendant was, that he should surrender the principal, or pay the consideration money and costs.    As he did not surrender the principal, he was liable to a suit on the recognisance.    To avoid the expense and trouble attending such a suit, he elected to give his note for the amount of the judgment.    The liability of the defendant, and the costs of a suit, were a sufficient consideration for the note.    The defendant was fixed in law, as bail, on the return of the *ca. sa.* against the principal, on the 16th *September;* and having voluntarily given his note to avoid the consequences of that liability, he cannot be permitted to avail himself of the proceedings of the principal, afterwards, or of the subsequent reversal of the judgment.

*Sudam*, contra.    Bail are entitled to eight days in full term after the return of the *ca. sa.* against the principal, and this is a matter of right.*    The defendant, therefore, could not be fixed, until the term of *January*, 1807, and the judgment was reversed in the *November* preceding.    If a writ of error be allowed before the bail are fixed, it is a *supersedeas.*†    As the time when the *ca. sa.* was actually issued, is not stated, it may be presumed to have been subsequent to the allowance of the writ of error.    The consideration of the note was the judgment against the principal; and as that was reversed before the bail were fixed with the payment of it, there has been a failure of the consideration, and the plaintiff cannot be entitled to recover.

* 2 *Johns. Rep.* 191.

† 3 *Term Rep.* 390. 2 *Sellon*, 128. 2 *Str.* 867. 1 *Wilson*, 16.

VAN NESS, J. delivered the opinion of the court. It would be highly unjust for the plaintiff to recover. The defendant could not be made liable upon his recognisance, until the plaintiff had obtained judgment against the defendant in the original suit. It is true, that such a judgment was once obtained ; but after the reversal, it was as if it had never existed. It would be absurd, therefore, that the plaintiff should be allowed to recover against the bail, when there is in fact nothing due to him from the principal; yet that is contended for in the present suit. The consideration of the note was the judgment against the principal. That judgment is no longer in existence, and thus the consideration of the note, has wholly failed. The defendant here engaged to pay this note under a persuasion, that his principal was bound by the judgment. In this he was mistaken. The principal is not bound, and the bail must consequently be discharged. (*Taswell* v. *Stone,* 4 *Burr.* 2454.)  If the defendant had paid this judgment after the reversal, he might have recovered the money back. If a suit had been brought on the recognisance, the court, pending the writ of error, would have stayed the proceedings until the writ of error had been disposed of. If there had even been a judgment in the suit upon the recognisance, and the original judgment had been reversed, the bail would be relieved on an *audita querela.* (Dr. *Drury's* case, 8 *Rep.* 142. Sir *John Applesby* and *Key* v. *Ive,* Cro. *Jam.* 645. *Jenkin's Rep.* 319. *pl.* 21. Sir *John Applesby's* case. *Green* v. *Legus,* 2 *Roll. Rep.* 254.)

The Court are, therefore, of opinion, that the defendant is entitled to judgment.

*Judgment for the defendant.*